## UNITED STATES

v.

**James R. LEMLEY, 535 54 5463 Ship's Serviceman Second Class (E–5) U.S. Navy.**

**NCM 75 1324.**

U. S. Navy Court of Military Review.

Sentence Adjudged 30 Jan. 1975.

Decided 29 Jan. 1976.

---

Appearances: LT Lawrence S. Smith, JAGC, USNR, Appellate Defense Counsel, LT (jg) Patrick A. Fayle, JAGC, USN, Appellate Government Counsel.

## DECISION

LAPPIN, Judge:

The appellant was tried by a general court-martial, with members, on 20, 27–30 January 1975. Consistent with his pleas, he was found guilty of a charge, and ten specifications thereunder, of making a check when he knew he did not have sufficient funds for payment upon its presentment, in violation of Article 123a, Uniform Code of Military Justice, 10 U.S.C. § 923a. Contrary to his pleas, he was also convicted of desertion, missing movement by design, and making a check and thereafter dishonorably failing to maintain sufficient funds for payment upon its presentment, in violation of Articles 85, 87 and 134, respectively. The court sentenced appellant to confinement at hard labor for two years, forfeiture of $150.00 per month for twelve months and reduction to pay grade E–3. The convening authority approved the findings and sentence without change.

The appellant assigns the following as error:

The evidence is insufficient to sustain the findings of guilty of a violation of article 87, U.C.M.J., as alleged.

We disagree.

Appellant was charged and convicted of missing the movement, through design, of Pan American World Airways Flight # F841 on 27 October 1974. He plead guilty to the lesser included offense of missing movement through neglect (R. 53–55). During the providency inquiry, appellant stated he was under orders to Manila via Pan American Flight # F841 (R. 54). LN2 Simanowitz testified that he was escorting appellant from the brig at Treasure Island to Manila when appellant failed to return to the aircraft during a stop-over in Hawaii (R. 134). Appellant now submits that these facts do not constitute a violation of Article 87, UCMJ, for one cannot be guilty of missing the movement of a *commercial* aircraft when ordered to move only as a passenger as opposed to a member of a unit.

In *United States v. Johnson*, 3 U.S.C.M.A. 174, 11 C.M.R. 174 (1953), the accused was charged with missing the movement to Operation Long Horn. The Air Force Board of Review determined that a violation of Article 87, UCMJ, had not been established since the accused was not assigned to duty with the aircraft, nor was he a member of a unit "established prior to movement with intention that they have organizational continuity upon arrival at their destination." The Court of Military Appeals held that neither of these limitations were required for a violation of Article 87, UCMJ. In essence, the Court decided that a person who was merely a passenger on an assigned aircraft could be found guilty of missing the movement of that aircraft.

Perhaps the most important language in *Johnson* is:

Under the rule announced by the board of review, if an individual is ordered to proceed to an important military opera-

tion via an aircraft or a ship, to a crew of which he was not assigned to duty, and he misses the movement through design or neglect, Article 87, *supra*, has not been violated. The only offense committed is that of failure to repair, absence without leave, or desertion with intent to avoid hazardous duty or to shirk important service, depending upon the nature of the military operation involved. Were a commander limited to a selection of one of these extremes, he would be required to charge either a very minor offense, thereby failing to satisfy the requirements of military discipline, or, to charge a much more serious offense requiring the establishment of a specific intent, thereby destroying the purpose of the Article, namely, the punishment of missing movement—an offense greater than mere absence without leave, and less than desertion. It should be abundantly clear that the purpose of the Uniform Code of Military Justice is not to destroy military discipline, or to make its dictates unduly severe. Its purpose is the improvement of military discipline by the melioration of the administration of justice in the armed services. The effect of the board's decision is to negative the clear purpose of Congress in enacting Article 87 . . . . [*United States v. Johnson, supra*, 3 U.S.C. M.A. at 177, 178, 11 C.M.R. at 177, 178].

Neither the Manual provision, nor *United States v. Johnson, supra*, stands for the proposition that one cannot be convicted of missing movement under Article 87 simply because the mode of transportation employed was commercial rather than military. Where one is pursuant to orders, under a duty to go to a specific place the failure to make the required movement is an offense cognizable under Article 87, Uniform Code of Military Justice.

Accordingly, the findings and sentence as approved below, are affirmed.

Senior Judge NEWTON and Judge FULTON concur.