UNITED STATES

v.

**James A. ST. ANN, 435 88 4309, Sergeant (E-5), U. S. Marine Corps.**

**NCM 78 0815.**

U. S. Navy Court of Military Review.

Sentence Adjudged 28 Feb. 1978.

Decided 13 Oct. 1978.

LT David S. Durbin, JAGC, USNR, Appellate Defense Counsel.

CAPT John P. Hertel, USMC, Appellate Government Counsel.

Before GREGORY, GLADIS and GRANGER, JJ.

GLADIS, Judge:

The accused was convicted pursuant to his pleas at a special court-martial bench trial of unauthorized absences of 1, 12, 37, and 8 days, and missing movement on two occasions, in violation of Articles 86 and 87, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 887, and sentenced to a bad-conduct discharge, forfeiture of $150 per month for 2 months, and reduction to pay grade E–1. The convening authority approved the sentence. The supervisory authority disapproved the findings of guilty of the 1 and 12 day absences and approved the sentence.

The accused contends that his plea of guilty to one of the missing movement offenses were improvident and that the sentence is inappropriately severe. We disagree with the first contention and concur in the second. We find the accused's plea of

guilty to missing the movement of a civilian aircraft provident, although he was not a member of the crew, traveling with his unit, or ostensibly assigned to an essential mission, because he had a duty to make the movement. An unsuspended bad-conduct discharge is, however, in our view inappropriate.

■ The accused pleaded guilty to missing the movement, through neglect, of Flight # 905, Piedmont Airlines. Citing *United States v. Gillchrest*, 50 C.M.R. 832 (A.F.C.M.R.1975), he now contends on appeal that his plea was improvident. In *Gillchrest*, the Air Force Court held, in effect, that an accused traveling alone who misses the movement of a commercial flight cannot be convicted of missing movement unless the circumstances establish the urgency of the movement or an essential mission assigned to the accused. This holding is consistent with the narrow construction of Article 87, Uniform Code of Military Justice [1], by Air Force boards of review, which we believe has been rejected by the Court of Military Appeals. *Compare United States v. Johnson*, 3 U.S.C.M.A. 174, 11 C.M.R. 174 (1953) *with United States v. Burke*, 6 C.M.R. 588 (A.F.B.R.1952). In *Johnson*, after examining the legislative history and purpose of Article 87, the Court of Military Appeals rejected the conclusion of the board of review that the accused could not be convicted of a violation of that article, because he was not assigned to duty with the aircraft, the movement of which he missed, nor was he a member of a "unit" to be transported. We believe neither that the Court of Military Appeals intended to limit Article 87 to situations in which the circumstances establish the urgency of the movement or an essential mission assigned to the accused, when the accused is not assigned to duty with the aircraft and not a member of a unit to be transported, nor that the legislative history of Article 87 as construed in *Johnson* requires such a result. Therefore, we reject the narrow interpreta-

tion of Article 87 espoused in *Gillchrest*. In this case, the accused admitted that orders were issued which required him in the course of his military duties to make the movement in question. Where pursuant to orders, one is under a duty to make a specific movement by aircraft or ship, failure to do so is an offense cognizable under Article 87, UCMJ. *United States v. Lemley*, 2 M.J. 1196 (N.C.M.R.1976). Therefore, the accused's plea of guilty to missing the movement of the civilian flight was provident.

■ Left for consideration is the appropriateness of the sentence. Weighing the accused's excellent past record, which includes more than 5 years of honorable active service, against the offenses of which he stands convicted, we conclude that an unsuspended bad-conduct discharge is inappropriate. The accused's desire for such a discharge cannot transform an inappropriate sentence into a just penalty, if his record and offenses do not warrant a punitive discharge.

The findings of guilty and so much of the sentence as approved on review below as provides for forfeitures of $150 per month for 2 months and reduction to pay grade E–1 are affirmed.

Senior Judge GREGORY and Judge GRANGER concur.

---

1. Article 87, UCMJ provides:

"Any person subject to this chapter who through neglect or design misses the movement of a ship, aircraft, or unit with which he is required in the course of duty to move shall be punished as a court-martial may direct."