UNITED STATES, Appellee,

v.

Private First Class Dale A. BLAIR, 231–13–7370, United States Army, Appellant.

ACMR 8601455.

U.S. Army Court of Military Review.

14 Aug. 1987.

For Appellant: Captain Kevin G. Sugg, JAGC (argued); Lieutenant Colonel Joel D. Miller, JAGC, Captain Robert P. Morgan, JAGC (on brief).

For Appellee: Captain Donald W. Hitzeman, JAGC (argued); Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Carlton L. Jackson, JAGC, Captain Thomas L. Herrington, JAGC, Captain Richard Parker, JAGC (on brief).

Before ADAMKEWICZ, LYMBURNER, and SMITH Appellate Military Judges.

## OPINION OF THE COURT

SMITH, Judge:

On 15 December 1986, appellant was tried by a special court-martial composed of officer and enlisted members at Taegu, Korea. Contrary to his pleas, he was convicted of one specification of missing movement through neglect and one specification of disobeying a superior commissioned officer, in violation of Articles 87 and 90, Uniform Code of Military Justice, 10 U.S.C. §§ 887 and 890 (1982) [hereinafter UCMJ], respectively. He was sentenced to a bad conduct discharge, confinement for four months, forfeiture of $426.00 pay per month for three months, and reduction to the grade of Private E–1. The convening authority approved the sentence.

Appellant contends that the evidence presented on Charge I (missing movement through neglect) was insufficient to support a finding of guilty and that the movement described in Charge I was not the type contemplated by Article 87 of the UCMJ. Appellant's argument as to insufficiency is premised on assertions of lack of evidence and upon the fact that his commanding officer obtained a postponement of appellant's 23 October 1986 port call (the movement appellant was found to have missed), when it became apparent on 22 October that appellant could not possibly out-process in time to make his scheduled port call.

■ We find first that the record supports the fact that appellant's neglect assured that he could not make the port call. Appellant's argument that the port call was cancelled "at the commander's request" and that there was therefore "no movement to miss" is without merit. The record clearly indicates that the commander cancelled the 23 October port call only when it was apparent that appellant's negligence had ensured that it would be missed. *Cf. United States v. Daggett*, 34 C.M.R. 706 (N.B.R.1964) (conviction of missing movement will stand where the evidence is sufficient to provide a reasonable man with a basis for finding that due to appellant's negligence he was unable to move as required). There is no requirement for the government, in such cases, to "perfect" its case by uselessly permitting aircraft space to go unused.

Appellant's argument that the missed movement in this case (a 23 October 1986 flight at 1330 hours aboard Northwest Orient Airlines Flight 028) is not of the type contemplated by Article 87 is without merit. In *United States v. Graham*, 16 M.J. 460, 464 (C.M.A.1983), it was concisely stated:

> when a serviceperson is ordered to move aboard a specific aircraft or ship, military or chartered, and, through design or neglect, fails to move with that aircraft or ship, Article 87 is violated.

In this case appellant was ordered to move aboard a specific aircraft and through neglect failed to move with that aircraft.

■ While the record could be clearer, it appears that the flight missed in this case was not, however, either military or chartered. The appellant apparently missed a commercial flight and there is authority for the proposition that missing a commercial flight does not violate Article 87. *See United States v. Gibson*, 17 M.J. 143 (C.M.A.1984) (there is a requirement that the impact of the particular movement be of sufficient magnitude as to require the punishment afforded by Article 87; the Court surmised that the Navy would have been satisfied if the AWOL returnee accused in that case had caught any flight that would have returned him from Philadelphia to Norfolk that day). The various service courts of military review have in the past responded differently to this question. *Compare, e.g., United States v. Gillchrest*, 50 C.M.R. 832 (A.F.C.M.R.1975) (in absence of either an urgency of the movement or the existence of an essential mission assigned to the accused, missing a commercial flight did not violate Article 87) *with United States v. St. Ann*, 6 M.J. 563 (N.C.M.R.1978), *petition denied*, 7 M.J. 392 (C.M.A.1979) (rejecting the *Gillchrest* court's narrow interpretation of Article 87). We believe that this question has been answered by the holding in *Graham, supra.* We find that, when an individual is ordered to move to or from an overseas assignment on permanent change of station aboard a specific aircraft, military, chartered, or commercial, and through design or neglect misses that aircraft, Article 87 is violated. In reaching this holding, we find no meaningful distinction between "chartered" and "commercial" flights and find the gravamen of the offense to be the failure to make a specific ordered flight. Whether the movement in question was urgent or whether the accused has been assigned some essential mission is matter that relates to the foreseeable disruption to the service and so is properly matter in mitigation or aggravation, and not a circumstance that changes the actual commission of the offense. *See Graham*, 16 M.J. at 464. We

further find that the *Gibson* requirement that a failure to make a specific flight be of "such magnitude as to require the ... punishment afforded by the application of Article 87," *id.*, 17 M.J. at 144, was clearly met in this case by a substantial disruption to appellant's unit's military operations and personnel processing caused by his failure to move when required.

We note that the staff judge advocate did not, in his post-trial recommendation to the convening authority, address allegations of error made by appellant in a letter sent directly to the convening authority, presumably pursuant to Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 1105. We find that appellant's allegations in this case were simply disagreements as to factual determinations made by the trial court. Under these circumstances there was no requirement to address them. *Cf. United States v. Silva*, 23 M.J. 264 (C.M.A.1986) (summary disposition); *United States v. James*, 24 M.J. 894 (C.M.A. 8 Jun. 1987) (summary disposition) (remand for new recommendation).

The findings of guilty and the sentence are affirmed.

Senior Judge ADAMKEWICZ and Judge LYMBURNER concur.